BARHAM, Justice
(dissenting from refusal to grant writs.)
The Long and Walker suits against the Louisiana Expressway Authority were consolidated for trial, and an attorney, John M. Holahan, filed an intervention on behalf of one August J. LaNasa, which simply adopted all of the allegations of the petitions of the plaintiffs Long and Walker. On the day the consolidated matters came on for trial, a motion to dismiss the intervention of LaNasa was heard. His attorney Holahan, sworn as a witness, testified that he represented the intervenor LaNasa; that he was hired or retained by Charles Kronlage, Jr., one the attorneys for the Louisiana Expressway Authority, the defendant herein, to file an intervention in order to exercise some control over the real plaintiffs’ trial and appellate procedure in their case; that he in turn solicited LaNasa to be the party plaintiff in intervention; that he had done nothing in preparation for the trial and had no witnesses. It is still almost unbelievable to me that the following question and Holahan’s answer were presented to the district court, the Court of Appeal, and this court, and accepted without comment:
“Q I believe you did state that you contacted Mr. LaNasa and asked him if he would be the intervenor. Is that your statement?
“A Yes. I contacted him.”
Although by adoption of the Long and Walker petitions Holahan pleaded all of the facts set forth in these petitions, his testimony shows conclusively that his signature as attorney on that petition did not, as required by Code of Civil Procedure Article 863, “ * * * constitute a certificate by him * * * ' that to the best of his knowledge, information, and belief there is good ground to support it * * * He in fact, according to his testimony, would have contradicted everything he set forth for LaNasa by reference to and adoption of the other petitions. He was in the lawsuits for one purpose only: To interfere with the plaintiffs’ control of their case. The intervention was dismissed by the trial judge. The question of the correctness of this particular ruling is not before us.
After the dismissal, the trial proceeded with the hearing of' testimony from witnesses on into the night. The next morning Holahan filed a petition against his original client, - the Expressway Authority, for his solicited client LaNasa. It was transferred to the division hearing the *1021 Long and Walker consolidated suits, and argument was had on the question of consolidating this new pleading, containing two paragraphs which adopted the Long and Walker petitions’ allegations as his own with his signature attached attesting that there was good ground in his mind to support these allegations. Holahan, an officer of the court, admitted that his motives remained the same as those to which he had sworn the day before on the hearing on the intervention. He stated that he cared not what the real plaintiffs did in regard to appeal from the judgment rendered in the case being heard; he intended to control the appeal to the extent that the real parties plaintiff at interest “may find the issues have already been resolved by my suit”. For some reason he went on to state that he believed the Supreme Court and that trial court were sympathetic to this procedural position. I use very temperate language when I say that I, for one, am less than sympathetic to his position!
Code of Civil Procedure Article 1561 permits a trial judge “at any time prior to trial” to order the consolidation of suits for trial. As a general principle, it is even recognized that courts have the inherent power to order consolidation. It may be that in a proper clean-handed case consolidation could be had, as here, even after trial has begun.
What is the purpose for consolidation of cases? The courts should only force individuals to stake their claims along with others’ by consolidation of their cases when it serves the interest of justice. Here the LaNasa suit, by the judicial admission of the attorney who filed it and who solicited that plaintiff, is not a justiciable controversy. It is a farce and a fraud. Moreover, its purpose is, by judicial admission, to impede the full exercise of the rights of the real parties plaintiff, who even this so-called plaintiff admits have the only justiciable controversy. The court has consolidated with two real cases the case of a plaintiff acquired by solicitation of a lawyer who had been solicited to act as a lawyer by the defendant, the Louisiana Expressway Authority.
I am amazed at the circumstances surrounding this proceeding. I am compelled to believe that even though discretion is vested in the trial court in the usual cases of consolidation, the consolidation order here is a gross abuse of that discretion.
Since these writs have been denied, plaintiffs’ only remedies are to seek redress from the trial court and the appellate court as they proceed to see that this non-adversary plaintiff does not preempt their legal rights. I would hope that aid would be forthcoming.
I respectfully dissent.